**LAW OFFICES OF JON W. BORDERUD**
Jon W. Borderud, Esq.  (Calif. Bar # 134355)
2028 Cliff Drive
Santa Barbara, CA 93109
Tel: (310)621-7004
borderudlaw@cox.net

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Robert K. Shelquist
Rebecca A. Peterson (Calif. Bar #241858)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel:    (612) 339-6900
Fax:    (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com

*Additional Counsel for Plaintiff*
*Listed on Signature Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SHANE MICHAEL, on behalf of himself and all others similarly situated, | ) Court File No. _____ ) ) ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** ) |
| v. | ) Jury Trial Demanded ) ) |
| Honest Company Inc., | ) ) |
| Defendant. | ) ) ) |

Plaintiff, on behalf of himself and all others who purchased Defendant Honest Company Inc.'s ("Defendant" or "Honest Company") SPF 30 sunscreen, by his undersigned attorneys,

alleges as follows on personal knowledge as to all facts related to himself and upon information and belief as to all other matters:

## SUMMARY OF THE ACTION

1.      This case involves unfair business practices by Defendant in the marketing and sale of its SPF 30 sunscreen ("Honest Sunscreen").  Plaintiff brings this class action lawsuit on the basis of Defendant's knowingly false and misleading representations in connection with the marketing and sale of Honest Sunscreen.

2.      Defendant develops, manufactures, markets, and sells consumer products including Honest Sunscreen.  Defendant describes its products including Honest Sunscreen as "not only effective, but unquestionably safe, eco-friendly, beautiful, convenient, and affordable."

3.      According to Defendant, Honest Sunscreen's only active sunscreen ingredient is zinc oxide.  Honest Sunscreen originally contained 20 percent zinc oxide.  However, in March 2015, Defendant reformulated Honest Sunscreen to contain only 9.3 percent zinc oxide.

4.      Despite reducing the only active ingredient in Honest Sunscreen by more than half, Defendant continued to represent that Honest Sunscreen provides "broad spectrum SPF 30" sun protection.

5.      Plaintiff purchased Honest Sunscreen in late April or early May 2015 and, although he used the product as directed, suffered a severe sunburn.  Numerous customer complaints and negative product reviews indicate Plaintiff's experience with Honest Sunscreen was not unique.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(11) because there are one hundred or more persons whose individual claims are being brought herein,

Plaintiff is a citizen of a different state than Defendant, and the overall amount in controversy exceeds $5,000,000.00, exclusive of costs, interest, and attorneys' fees. The individual claims can be tried jointly in that they involve common questions of fact and law.

7. This Court has personal jurisdiction over the Defendant because it conducts substantial and continuous business in California.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) because part of the events or omissions that give rise to the claims occurred in California and this District and because Defendant conducts a substantial part of its business in this District.

## PARTIES

9. Plaintiff Shane Michael is a resident of West Des Moines, Iowa.

10. Plaintiff purchased Honest Sunscreen at Costco Wholesale in West Des Moines, Iowa in late April or early May 2015. Plaintiff paid a premium for Honest Sunscreen because it promised natural, chemical-free SPF 30 sun protection and he believed, based on these representations, that it would be safer for his family than chemical-based sunscreens.

11. Plaintiff used Honest Sunscreen as directed in May 2015 and suffered a severe sunburn resulting in blistering and peeling.

12. Defendant Honest Company, Inc. is a Delaware corporation with its headquarters and principal place of business in Santa Monica, California.

## DEFENDANT'S MISREPRESENTATIONS REGARDING HONEST SUNSCREEN

13. Defendant develops, manufactures, markets, and sells consumer products including Honest Sunscreen.[1] Defendant states its products including Honest Sunscreen are

---

[1] https://www.honest.com/. It appears Defendant no longer sells Honest Sunscreen on its website. Honest Sunscreen is still available from third-parties including Costco and Amazon.

CLASS ACTION COMPLAINT 3

468359

manufactured with a focus on "quality, product innovations, health & safety, and affordability," and describes its products as "not only effective, but unquestionably safe, eco-friendly, beautiful, convenient, and affordable."[2]

14.    Defendant describes itself as follows:

**Free from fraud or deception, truthful** – We believe in transparency and that applies to everything – from what we put into our products and how they are made to our internal operations and how we do things.

**Genuine, real** – The Honest Company was started by parents for parents. We are real tangible people, parents that understand what families need and we want to deliver on that – not some big corporation with no social consciousness that only cares about making a profit.

**Respectable, praiseworthy** – We are people with integrity and we intend on not only doing things right, but also going above and beyond to earn your respect and loyalty – making you so delighted you want to shout it from a rooftop (or tweet it from your iPhone).

**Humble** – We know no one can be absolutely perfect and a part of our commitment to honesty means we'll admit our flaws. It's pretty scary, but we think it's a good way to keep us focused on constant improvement.[3]

15.    Defendant made the following specific representations, among others, regarding Honest Sunscreen:[4]

- Natural, unscented, broad-spectrum (UVA and UVB) 30 SPF mineral sunscreen - everything you need, nothing you don't
- Easy to apply, non-greasy, non-whitening (non-nano!) zinc oxide sunscreen provides safe, effective sun protection for the entire family
- Zinc oxide is the ONLY active sunscreen ingredient - NO harmful chemicals (ever!)
- Water resistant - tested effective for up to 40 minutes
- Hypoallergenic • Non-Nano • Mineral-Based • Biodegradable • Reef-Friendly • Water Resistant (40 minutes) • pH Balanced • Naturally Non-Toxic



[2] https://www.honest.com/about-us/our-story.
[3] https://www.honest.com/faq#about-the-honest-company-why-did-you-choose-the-name-the-honest-company.
[4] http://web.archive.org/web/20150315013812/https://www.honest.com/bath-and-body/sunscreen-spf-30.

CLASS ACTION COMPLAINT                    4

16.   According to Defendant, "Zinc oxide is the ONLY active sunscreen ingredient" in Honest Sunscreen.[5]

17.   Honest Sunscreen originally contained 20 percent zinc oxide.[6]

18.   As of March 15, 2015, Defendant's website stated Honest Sunscreen's zinc oxide content was 20 percent and the Drug Facts on the back of Honest Sunscreen's bottle stated "Active Ingredient: Zinc Oxide 20%":[7]

details &
ingredients

3.0 oz.
Broad Spectrum SPF 30
Water Resistant (40 mins)

ACTIVE INGREDIENT:
Non-Nano Zinc Oxide 20%

INACTIVE INGREDIENTS:
Helianthus Annuus (**Sunflower**) Seed Oil, **Beeswax**\*, Caprylic/Capric Triglyceride, Polyhydroxystearic Acid, **Calendula** Officinalis Flower Extract\*, Chamomilla Recutita (**Matricaria**) Flower Extract\*, Olea Europaea (**Olive**) Fruit Oil\*, Triethoxycaprylylsilane, Simmondsia Chinensis (**Jojoba**) Seed Oil\*, Butyrospermum Parkii (**Shea**) Butter\*

\*Certified Organic Ingredient

---

[5] *Id.*; https://www.honest.com/bath-and-body/sunscreen-spf-30.
[6] https://web.archive.org/web/20150315013812/https://www.honest.com/bath-and-body/sunscreen-spf-30.
[7] *Id.*

CLASS ACTION COMPLAINT                    5

468359







6

468359

19.     However, sometime later in March 2015, Defendant quietly reformulated Honest Sunscreen to contain only 9.3 percent zinc oxide. [8]   (In comparison, other sunscreens typically contain between 18 and 25 percent zinc oxide.[9])

20.     As of August 12, 2015, Defendant's website stated Honest Sunscreen's zinc oxide content was 9.3 percent and the Drug Facts on the back of Honest Sunscreen's bottle stated "Active Ingredient: Zinc Oxide 9.3%":[10]

details &
ingredients

3.0 oz.
Broad Spectrum SPF 30
Water Resistant (80 mins)

ACTIVE INGREDIENT:
Non-Nano Zinc Oxide 9.3%

INACTIVE INGREDIENTS:

Beeswax*, Butyloctyl Salicylate, Butyrospermum Parkii (Shea) Butter*, Calendula Officinalis Flower Extract*, Chamomilla Recutita (Matricaria) Flower Extract*, Cocos Nucifera (Coconut) Oil, Helianthus Annuus (Sunflower) Seed Oil, Hydrogenated Vegetable Oil, Jojoba Esters, Methyl Dihydroabietate, Olea Europaea (Olive) Fruit Oil*, Prunus Armeniaca (Apricot) Kernel Oil, Silica, Simmondsia Chinensis (Jojoba) Seed Oil*, Tocopherol

*Certified Organic Ingredient

---

[8] https://web.archive.org/web/20150812080605/https://www.honest.com/bath-and-body/sunscreen-spf-30; http://money.cnn.com/2015/08/04/news/companies/jessica-alba-honest-company-sunscreen/.
[9] http://www.nbcchicago.com/news/local/Angry-Parents-Complaints-About-Popular-Sunscreen-Brand-318367591.html.
[10] https://web.archive.org/web/20150812080605/https://www.honest.com/bath-and-body/sunscreen-spf-30.

CLASS ACTION COMPLAINT                      7

468359







21.     Although Defendant reduced the content of zinc oxide—by its own admission, "the ONLY active sunscreen ingredient" in Honest Sunscreen—by more than half, it continued to represent that Honest Sunscreen provides "broad spectrum SPF 30" sun protection."[11]

22.     Thereafter, Defendant began receiving numerous customer reviews and complaints alleging Honest Sunscreen did not offer the sun protection it promised and marketed. According to one news story:

> Jessica Alba's Honest Company has come under fire by unhappy customers who say the brand's sunscreen option is sub-par.  Several people took to social media to show off the painful-looking sunburns they got after using the product, with many mentioning they were only in the sun for a few minutes.  A study done by NBC5 Chicago found that Honest's sunscreen contains only 9.3 percent non-nano zinc oxide while other products contain 18 to 25 percent of the active ingredient.  They wonder if the reduced amount of zinc oxide contributed to the issues customers were having.  Honest changed its formula, which originally had 20 percent zinc oxide, earlier this year but claims to have added other components to make up for the reduced amounts.[12]

23.     Defendant responded to the media backlash with a statement that compounded its deceptive representations regarding Honest Sunscreen.  Specifically, Defendant stated, "Our previous Sunscreen formulation had a 40-minute water resistance and customers told us that it didn't apply as easily as they would've liked.  Based on our own experience and consumer feedback, we redesigned our Sunscreen Lotion for 80-minute water resistance and an improved formulation that allows for easier application and a lighter-weight feel."[13]

---

[11] https://www.honest.com/bath-and-body/sunscreen-spf-30.
[12] http://www.thefashionspot.com/buzz-news/latest-news/624761-jessica-alba-honest-sunscreen/
[13] https://blog.honest.com/a-message-from-the-founders/#

24.     Defendant further attempted to create false confidence in Honest Sunscreen by claiming it was tested by a third party to meet FDA standards, even though according to the FDA it neither verifies such testing nor requires any company to share the result of any such testing.[14]

25.     Defendant's claims regarding Honest Sunscreen's effectiveness are belied by Plaintiff's experience and those of hundreds of other unhappy customers, to wit::





---

[14] http://www.nbcchicago.com/news/local/Angry-Parents-Complaints-About-Popular-Sunscreen-Brand-318367591.html

CLASS ACTION COMPLAINT                    10

468359







The Honest Company - Sunscreen Lotion
SPF 30, 3 Fl Oz

⭐☆☆☆☆ **Horrible product! We went to Hawaii with our kids**
By Jaymie Chapman on Jul 30, 2015

Horrible product! We went to Hawaii with our kids. We sat at the pool for a few hours. Everyone used honest sunscreen and continued to reapply the sunscreen. It was like we used baby oil! We were all extremely burned! Especially my little 2 year old! She had blisters on her shoulder! It is so sad! Worst product ever!

Was this review helpful?

[ Helpful (5) ]   [ Not helpful (1) ]

Images in this review





26.    Defendant's claims regarding Honest Sunscreen's effectiveness are further belied by its own subsequent actions.  According to one news story:

> After seeing the rash of complaints NBC 5 Investigates visited some local stores and found the product was no longer on some store shelves, like Target where an employee told us it was "discontinued."  The shelves were nearly empty at the Nordstrom we visited, and "out of stock" for visitors to the company website. Which made us wonder: is the company quietly pulling a problem product?[15]

27.    Defendant sought to induce consumers including Plaintiff to purchase Honest Sunscreen by making the above representations regarding its alleged health and safety benefits. As one consumer stated, "I'm not a chemist. . . .  But when I buy a bottle that says SPF 30 on it and it has zinc oxide, I just thought I was getting her a bottle that would offer some protection."[16]

28.    Prior to purchasing Honest Sunscreen, Plaintiff saw Defendant's representations that, among other things, Honest Sunscreen offered "broad spectrum SPF 30" sun protection.

---

[15] http://www.nbcchicago.com/news/local/Angry-Parents-Complaints-About-Popular-Sunscreen-Brand-318367591.html
[16] http://www.nbcchicago.com/news/local/Angry-Parents-Complaints-About-Popular-Sunscreen-Brand-318367591.html#ixzz3jxjpWPtW

CLASS ACTION COMPLAINT                    12

468359

Defendant's representations regarding Honest Sunscreen's sun protection characteristics are not mere puffery, as sun protection is the product's express purpose and thus any consumer would necessarily rely on such representations in deciding to purchase the product.

29.     As stated above, sometime in March 2015 Defendant quietly reformulated Honest Sunscreen to decrease the amount of zinc oxide, the only active ingredient, by more than half.  It continued to represent, however, that Honest Sunscreen offered SPF 30 sun protection. Defendant knew or should have known its representations regarding Honest Sunscreen's sun protection characteristics would mislead consumers into believing Honest Sunscreen would provide, among other things, "safe, effective sun protection for the entire family" and "broad spectrum SPF 30" sun protection.

30.     On the other hand, Plaintiff did not know and had no reason to know Defendant misrepresented Honest Sunscreen's sun protection characteristics.  Had Plaintiff known that Defendant falsely marketed and sold Honest Sunscreen, he would not have purchased it.

31.     Plaintiff, on behalf of himself and other similarly situated consumers, brings this consumer protection action against Defendant based on Defendant's course of unlawful conduct. Plaintiff alleges violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, as well as breach of express warranty, breach of the implied warranty of merchantability, negligent misrepresentation, intentional misrepresentation, and unjust enrichment.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action on his own behalf and on behalf of the following Class:

> All persons who purchased Honest Sunscreen from any retail store or website that did not register for membership with the Honest Company during the applicable statute of limitations.  The Class excludes any judge or magistrate assigned to this case, Defendant and any entity in which

CLASS ACTION COMPLAINT                          13

Defendant has a controlling interest, and its officers, directors, legal representatives, successors and assigns (the "Class").

33.     This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

34.     The Class is so numerous that joinder of all members is impracticable.   Upon information and belief, there are thousands of Class members throughout the United States and Canada.

35.     There are questions of law and fact which are common to the Class.  The common questions, which are each separate issues that should be certified for classwide resolution pursuant to Fed. R. Civ. P. 23(c)(4), include but are not limited to:

(a)     Whether Defendant owed a duty of care to the Class;

(b)     Whether Defendant falsely advertised Honest Sunscreen as, among other things, a "super safe and super effective" product offering "broad spectrum SPF 30" sun protection;

(c)     Whether Defendant engaged in unfair and deceptive acts and practices in connection with the marketing, advertising, and sale of Honest Sunscreen;

(d)     Whether Defendant knowingly failed to protect the Class from the risks and consequences of decreasing the amount of zinc oxide in Honest Sunscreen;

(e)     Whether California law applies to the proposed Class;

(f)     Whether Defendant breached express and implied warranties;

(g)     Whether Defendant was unjustly enriched; and

(h)      Whether Plaintiff and the Class members are entitled to actual, statutory, and punitive damages.

36.     Plaintiff's claims are typical of the claims of the other Class members and Plaintiff does not have any interests adverse to the Class.  Specifically, Plaintiff and all the Class members sustained damages arising out of Defendant's wrongful course of conduct.  The harms suffered by Plaintiff are typical harms suffered by the Class members, and Plaintiff and other Class members have an interest in preventing Defendant from engaging in such conduct in the future.

37.     Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature and will fairly and adequately protect the interests of the Class.

38.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for the party opposing the Class.

39.     Plaintiff anticipates that there will be no difficulty in the management of this litigation.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40.     In addition, certification of specific issues such as Defendant's liability is appropriate.

## BASES FOR RELIEF

## COUNT I

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (California Business and Professions Code §§ 17200 *et seq.*)

41.     Plaintiff realleges the foregoing paragraphs as is fully set forth herein.

42.     Plaintiff brings this claim on behalf of himself and the proposed Class.

43.     California Business and Professions Code § 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice."

44.     California Business and Professions Code § 17200 *et seq.* imposes strict liability. Plaintiff does not have to prove Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business acts or practices.  Instead, Plaintiff only has to prove such acts or practices occurred.

45.     Defendant engaged in unlawful business acts and practices in violation of California Business and Professions Code § 17200 *et seq.* by misrepresenting Honest Sunscreen's sun protection characteristics in connection with its marketing and sale as alleged herein.

46.     Defendant's misrepresentations and its false and misleading advertising regarding Honest Sunscreen constitute "unlawful" business acts and practices in that Defendant's conduct violates:

(a)     California's False Advertising Law, California Bus. & Prof. Code § 17500 *et seq.*;

(b)     California's Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*;

(c)     Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce; and

(d)     Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics.

(e)     Plaintiff reserves the right to identify additional provisions of law violated by Defendant as further investigation and discovery warrants.

47.     Defendant's misrepresentations and its false and misleading advertising regarding Honest Sunscreen constitute "unfair" business acts and practices because such conduct is immoral, unscrupulous, and offends public policy.

48.     Defendant's misrepresentations and its false and misleading advertising regarding Honest Sunscreen constitute "fraudulent" business acts and practices because members of the consuming public, including Plaintiff and the Class members, were and are likely to be deceived thereby.

49.     The harm to Plaintiff and members of the public outweighs the utility, if any, of Defendant's acts and practices described above and therefore Defendant's acts and practices constitute an unfair business act or practice.

50.     Defendant's acts and practices have detrimentally impacted competition and caused substantial harm to Plaintiff, the Class members, and the consuming public.  Plaintiff and the Class members were misled and suffered injuries and lost money or property as a direct and proximate result of Defendant's unlawful business acts and practices.

51.     Plaintiff and the Class members were denied the benefit of their bargain when they purchased Honest Sunscreen instead of competitor products which are typically less expensive, make medically- and scientifically-supported claims, and do not falsely purport to have certain characteristics or fitness for a particular purpose.  Had Defendant not made the false and misleading representations and engaged in false and misleading advertising tactics, Plaintiff and the Class members would have paid less than what they did for Honest Sunscreen or they would not have purchased the product at all.

52.     Defendant's knew or reasonably should have known its misleading statements regarding Honest Sunscreen's alleged SPF value and its use of related terms of art were and are likely to deceive reasonable consumers.  Likewise, Defendant knew or reasonably should have known its misrepresentations regarding Honest Sunscreen's alleged safe and effective broad-spectrum sun protection were and are likely to deceive reasonable consumers.

53.     Defendant's misrepresentations and its false and misleading advertising regarding Honest Sunscreen presents a continuing threat to consumers in that such advertising will continue to mislead consumers into purchasing Honest Sunscreen on false premises.

54.     By reason of the foregoing, Defendant should be required to pay damages and/or make restitution to Plaintiff and the Class Members and pay for Plaintiff's and the Class members' attorneys' fees.

## COUNT II

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
### (California Business and Professions Code § 17500 *et seq.*)

55.     Plaintiff realleges the foregoing paragraphs as is fully set forth herein.

56.     Plaintiff brings this claim on behalf of himself and the proposed Class.

57.     California Business and Professions Code § 17500 *et seq.* provides that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or

468359

misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

58.     Defendant's misrepresentations and its false and misleading advertising regarding Honest Sunscreen misled consumers including Plaintiff and the Class members.

59.     Defendant knew or reasonably should have known its representations regarding Honest Sunscreen's sun protection characteristics were untrue and misleading and likely to deceive Plaintiff, the Class, and the public.

60.     Plaintiff and the Class members were misled and suffered injuries and lost money or property as a direct and proximate result of Defendant's misrepresentations and its false and misleading advertising regarding Honest Sunscreen in violation of California Business & Professions Code § 17500 *et. seq.*

61.     As a result of Defendant's wrongful conduct, Plaintiff and the Class are entitled to restitution and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

## COUNT III

### BREACH OF EXPRESS WARRANTY
### (California Commercial Code § 2313)

62.     Plaintiff realleges the foregoing paragraphs as is fully set forth herein.

63.     Plaintiff brings this claim on behalf of himself and the proposed Class.

64.     As set forth hereinabove, Defendant made representations to Plaintiff and the Class members that, among other things, Honest Sunscreen provides "broad spectrum SPF 30" sun protection and that it is "super safe and super effective" and that it provides the "best broad spectrum protection for your family."

CLASS ACTION COMPLAINT                    19

468359

65.     These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

66.     On the basis of these express warranties, Defendant sold and Plaintiff and the Class members purchased Honest Sunscreen.

67.     Honest Sunscreen did not offer the promised sun protection and therefore Defendant breached its express warranties.  As a result of Defendant's breach, Plaintiff and the Class members did not receive goods as warranted by Defendant.

68.     Privity exists because Defendant expressly warranted to Plaintiff and the Class members that Honest Sunscreen would provide SPF 30 sun protection on its labeling, which labeling was reviewed and relied upon by Plaintiff and the Class members.

69.     Plaintiff and the Class members reasonably relied on Defendant's statements regarding Honest Sunscreen's sun protection characteristics.

70.     As a proximate result of Defendant's breach of warranty, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

**COUNT IV**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(California Commercial Code § 2314)**

71.     Plaintiff realleges the foregoing paragraphs as is fully set forth herein.

72.     Plaintiff brings this claim on behalf of himself and the proposed Class.

73.     As set forth hereinabove, Defendant made representations to Plaintiff and the Class members that, among other things, Honest Sunscreen provides "broad spectrum SPF 30" sun protection and that it is "super safe and super effective" and that it provides the "best broad spectrum protection for your family."

74.     Defendant was a merchant with respect to goods of this kind which were sold to Plaintiff and the Class members, and there was in the sale to Plaintiff and the Class an implied warranty that those goods were merchantable.

75.     Defendant breached the implied warranty of merchantability when it sold Plaintiff and the Class members Honest Sunscreen that, among other things, did not conform to the promises or affirmations of fact made on its labels.

76.     Privity exists as Defendant directly marketed Honest Sunscreen to Plaintiff and the Class members through its product labeling.

77.     As a result of Defendant's conduct, Plaintiff and the Class members did not receive goods as impliedly warranted by Defendant to be merchantable.

78.     As a proximate result of this breach of warranty by Defendant, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## COUNT V

## NEGLIGENT MISREPRESENTATION

79.     Plaintiff realleges the foregoing paragraphs as is fully set forth herein.

80.     Plaintiff brings this claim on behalf of himself and the proposed Class.

81.     Defendant had a duty to disclose to Plaintiff and the Class members Honest Sunscreen's actual quality and characteristics.

82.     Defendant negligently and/or carelessly misrepresented, omitted and concealed from consumers material facts relating to Honest Sunscreen's quality and characteristics including but not limited to its SPF factor and other sun protection characteristics.

83.     These misrepresentations and omissions were material and concerned the specific characteristics and quality of Honest Sunscreen a reasonable consumer would consider in purchasing sunscreen.

84.     Defendant made such false and misleading statements and omissions on its website and product labeling, and in its advertisements and warranties, with the intention of inducing Plaintiff and the Class members to purchase Honest Sunscreen.

85.     As a result of Defendant's misstatements, it was under a duty to disclose facts necessary to correct those misstatements.  Further, Defendant was in a better position to discover the misrepresentations than Plaintiff because Defendant controlled its own design, manufacturing, testing, and marketing processes.

86.     At the time it made the representations, Defendant knew, or by the exercise of reasonable care should have known, that the statements were false and that Honest Sunscreen suffered from the defects detailed above.

87.     Defendant made such claims about Honest Sunscreen with the intent to induce Plaintiff and Class members to purchase Honest Sunscreen.

88.     Plaintiff and Class members justifiably relied upon Defendant's misrepresentations about Honest Sunscreen's quality and characteristics.  Plaintiff and Class members were unaware of the falsity of Defendant's misrepresentations and omissions and, as a result, justifiably relied on them in deciding to purchase Honest Sunscreen.   Had Plaintiff and Class members been aware of the true nature and quality of Honest Sunscreen, they would not have purchased it.

89.     As a direct and proximate result of Defendant's misrepresentations and omissions of material fact, Plaintiff and Class members have suffered and will continue to suffer damages and losses as alleged herein in an amount to be determined at trial.

## COUNT VI

## UNJUST ENRICHMENT

90.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

91.     Plaintiff brings this claim on behalf of himself and the proposed Class.

92.     To the detriment of Plaintiff and the Class Members, Defendant has been and continues to be unjustly enriched as a result of the unlawful and/or wrongful acts described herein, and continues to so benefit to the detriment and at the expense of Plaintiff and the Class members.

93.     Defendant has benefitted from its unlawful acts and it would be inequitable for Defendant to be permitted to retain any of the ill-gotten gains resulting from the unlawful or wrongful acts described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment with respect to his Complaint as follows:

1.     Certifying the Class as defined herein;

2.     Award damages, including compensatory, exemplary, and statutory damages to Plaintiff and all members of the Class;

3.     Award Plaintiff and the Class actual damages sustained;

4.     Grant restitution to Plaintiff and members of the Class and require Defendant to disgorge its ill-gotten gains;

5.     Award injunctive and declaratory relief, as claimed herein;

6.      Award Plaintiff and the Class punitive damages;

7.      Award Plaintiff and the Class their reasonable attorneys' fees and reimbursement

of all costs for the prosecution of this action; and

8.      Award such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Dated:  September  7, 2015                 **LOCKRIDGE GRINDAL NAUEN P.L.L.P**

By:  s/ Rebecca Peterson
Robert K. Shelquist
Rebecca A. Peterson (Calif. Bar # 241858)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel:     (612) 339-6900
Fax:     (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com


**LAW OFFICES OF JON W. BORDERUD**
Jon W. Borderud, Esq.  (Calif. Bar # 134355)
2028 Cliff Drive
Santa Barbara, CA 93109
Tel: (310)621-7004
borderudlaw@cox.net


CUNEO GILBERT & LADUCA, LLP
Charles J. LaDuca (3975927)
16 Court Street, Suite 1012
Brooklyn, New York 11241
Telephone: 202.789.3960
Facsimile:  202.789.1813
charles@cuneolaw.com


CUNEO GILBERT & LADUCA, LLP

CLASS ACTION COMPLAINT                    24

468359

Michael J. Flannery
7733 Forsyth Boulevard, Suite 1675
St. Louis, MO  63105
Telephone: 314.226.1015
Facsimile:  202.789.1813
mflannery@cuneolaw.com


HUDSON MALLANEY SHINDLER & ANDERSON
J. Barton Goplerud
Brian O. Marty
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone:  515.223.4567
Facsimile:   515.223.8887
jbgoplerud@hudsonlaw.net
bomarty@hudsonlaw.net


**ATTORNEYS FOR PLAINTIFF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28