CHAMBERS COPY

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 6 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SHANE MICHAEL, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>THE HONEST COMPANY, INC.,<br><br>Defendant. | Case No. 2:15-cv-07059-JAK-AGR<br><br>*(Consolidated with Case No. LA CV15-09091 JAK (AGRx))*<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

NOTE CHANGES MADE BY THE COURT.

1       2       3       4       5       6       7       8       9       10       11       12       13       14       15       16       17       18       19       20       21       22       23       24       25       26       27       28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1.

1   WHEREAS Plaintiffs Shane Michael, Jonathan Rubin, Dreama Hembree and

2   Ethel Lung (collectively "Plaintiffs") and Defendant The Honest Company, Inc.

3   ("Defendant") (collectively, the "Parties" or singularly "Party") are parties to the

4   above-referenced consolidated, putative class action (collectively, the "Action").

5   WHEREAS discovery in the Action may involve the disclosure of certain

6   documents, things, and information in the possession, custody, or control of

7   Plaintiffs, Defendants, or nonparties, which constitute or contain trade secrets or

8   other confidential proprietary, commercial, private or sensitive information.

9   WHEREAS such confidential information must be protected in order to

10  preserve the legitimate business interests and the personal privacy of the Parties or

11  non-parties.

12  WHEREAS, the Parties acknowledge that this stipulation (and if approved,

13  Order), does not confer blanket protections on all disclosures or responses to

14  discovery but that the protection it affords only extends to documents and other

15  information or items that are either entitled, under the applicable legal principles, to

16  confidential treatment, or, if not entitled to confidential treatment, are subject to the

17  Parties' agreement to treat such information or items as confidential, so long as

18  such agreement does not affect this Court's proceedings, including the mode of

19  introduction of evidence at evidentiary proceedings.

20  WHEREAS, the Parties further acknowledge that this stipulation (and if

21  approved, Order), does not create entitlement to file confidential information under

22  seal.

23  WHEREAS, the Parties believe good cause exists for approving the

24  stipulation because it seeks to protect the confidentiality of materials exchanged

25  throughout the Action between the parties that may contain trade secret or other

26  confidential research, technical, cost, price marketing, ingredient compositions, or

27  commercial information, or other information that may be protected from public

28  disclosure by a person's right to privacy.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1    WHEREAS the Parties have, through counsel, stipulated to the entry of this
2 Protective Order for the purpose of advancing the progress of the Action and to
3 prevent unnecessary dissemination or disclosure of such confidential information.

4    WHEREAS the Parties have established good cause for entry of this
5 Protective Order.

6    THEREFORE, for good cause shown, pursuant to Rule 26(c) of the Federal
7 Rules of Civil Procedure, all discovery and other materials exchanged by the Parties
8 or non-parties, or filed with the Court, in the Action shall be provided subject to the
9 following conditions:

10    **1.    Scope.** The following terms, conditions, procedures, and restrictions
11 govern with respect to documents, electronic data, and any other forms of
12 information produced or voluntarily exchanged in the Action by any Party or non-
13 parties ("Third Parties" or singularly, "Third Party"), including any "Writings" (as
14 that term is defined in Rule 1001 of the Federal Rules of Evidence); all discovery
15 contemplated by Rules 26–36 of Federal Rules of Civil Procedure, including
16 responses to all written discovery requests and demands, deposition testimony and
17 exhibits, however recorded; and any other written, recorded, or graphic matters
18 ("Protected Material").

19    **2.    Protected Material.** Protected Material designated under this
20 stipulation and Protective Order shall include, without limitation: (a) all copies,
21 extracts, and complete or partial summaries prepared from such documents, things,
22 or information so designated; (b) portions of deposition transcripts and exhibits
23 thereto that contain, summarize, or reflect the content of any such documents,
24 things, or information; (c) portions of briefs, memoranda, or any other writings
25 filed with the Court and exhibits thereto that contain, summarize, or reflect the
26 content of any such documents, things, or information; and (d) deposition testimony
27 designated in accordance with this Protective Order.

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-cv-07059-JAK-AGR

3.    **Designations.** It shall be the duty of the Party ("Producing Party") to give notice of the Protected Material that it produces in disclosures or in responses to discovery to be covered by this Protective Order. A Party with an interest, other than the Producing Party ("Interested Party"), in the confidentiality of the material to be produced or already produced because either (a) the material contains the Party's trade secrets or other confidential research, development, commercial, or personal information, or (b) the material contains information provided to that Party by a Third Party pursuant to an agreement with the Third Party that the Party would maintain the confidentiality of the information, may also give notice that the material is Protected Material covered by this Protective Order. (Producing Party and Interested Party shall be collectively referred to as "Designating Party").

4.    **Obligations**:  The duty of the Party or Parties receiving the Protected Material ("Receiving Party") and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence with such notice.   Protected Material shall be designated by the Designating Party, subject to the provisions of this Order, with one of the following designations:

        a.    "CONFIDENTIAL"; or

        b.    "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."
The attorneys of record shall exercise all reasonable care to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of Protected Material.

5.    **CONFIDENTIAL Designation**:  A Designating Party may designate Protected Material as "CONFIDENTIAL" if such material constitutes or discloses or relates to processes, operations, research, technical or developmental information, production, marketing, sales, financial, or other proprietary data, confidential or sensitive personal information, or non-public information of commercial value.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-cv-07059-JAK-AGR

**6.     HIGHLY CONFIDENTIAL Designation**: A Designating Party may designate Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if such material constitutes or contains, in whole or in part, information which (a) the Designating Party reasonably believes will harm its competitive position if the information becomes known to a party other than the Designating Party; (b) relates to future product or service offerings; or (c) includes or incorporates sensitive financial or customer information, including, but not limited to, sales and revenue information, or the identification of actual or potential customers or retail partners, the disclosure of which the Designating Party believes will harm its competitive position if it becomes known to a party other than the Designating Party.

**7.     Good-Faith Designations**:     Each Party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not (a) to impose burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation.

**8.     Designating Written Materials**:     Each page of any material the Designating Party wishes to designate as Protected Material must be labeled with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as appropriate, at the time the material, or a copy thereof, is provided to the Receiving Party.  In the case of material contained in or on media other than paper (*e.g.*, natively produced documents), the Designating Party shall affix such a label to the production media, appropriately title the file name, or otherwise use its best efforts to identify the material as Protected Material.  With respect to material produced by another Party, a Designating Party may give notice to all other Parties in the Action, in writing, that the material is Protected Material covered by this Protective Order.

**9.     Inadvertent Failure to Designate**: The failure by a Designating Party to designate specific documents or materials as Protected Material shall not, by

CooLEY LLP
ATTORNEYS AT LAW
Los ANGELES

5.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE No. 15-CV-07059-JAK-AGR

1    itself, be deemed a waiver in whole or in part of a claim of confidentiality as to

2    such documents or materials.  Upon written notice to the Receiving Party of such

3    failure to designate, or of incorrect designation, the Receiving Party shall cooperate

4    to retrieve disseminated copies, and restore the confidentiality of the information

5    that was inadvertently disclosed beyond those persons authorized to review such

6    information pursuant to Paragraphs 13-14, and shall thereafter take reasonable steps

7    to ensure that the Protected Material is treated in accordance with the designation.

8    No person or Party shall incur any liability hereunder with respect to disclosure that

9    occurred prior to the receipt of written notice of the mistaken designation.

10       **10.   Designating Deposition Testimony**:   Counsel for the Designating

11   Party may identify certain portions of a deposition transcript and/or exhibits as

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

13   ONLY" either by (a) so stating on the record during the deposition, or (b) providing

14   written notice to counsel for the Receiving Party within fourteen (14) calendar days

15   from the day the Designating Party received the final deposition transcript from the

16   court reporter.[1]  Deposition exhibits previously designated as containing Protected

17   Material do not need to be re-designated to retain their protection under this

18   Protective Order.

19       **a.**   At any deposition session, when counsel for a Designating Party

20   deems that the answer to a question will result in the disclosure of Protected

21   Material, counsel shall have the option, in lieu of or in addition to taking other steps

22   available under the Federal Rules of Civil Procedure, to direct that the testimony

23   shall be treated in accordance with a designation under Paragraph 4 of this

24   Protective Order.  Counsel for the Designating Party whose Protected Material is

25   _____

26   [1] During the fourteen day period following receipt by the Designating Party of the
     final deposition transcript, before the deadline to designate the portion(s) of the

27   transcript containing Protected Material, the transcript shall be treated as containing
     HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information unless

28   otherwise agreed-to in writing or on the record at the deposition by the Parties.

Cooley LLP
Attorneys At Law
Los Angeles

6.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. 15-cv-07059-JAK-AGR

1    involved may also request that all persons other than the witness and individuals

2    who may have access to such Protected Material under the appropriate designation

3    in Paragraph 4 of this Order, leave the deposition room during the confidential

4    portion of the deposition.

5         **b.**     Deposition transcripts containing Protected Material shall be

6    prominently marked on the front page with a statement that provides "THIS

7    DEPOSITION TRANSCRIPT CONTAINS [*insert appropriate designation under*

8    *Paragraph 4 of this Order*] THAT IS SUBJECT TO A PROTECTIVE ORDER."

9    Deponents may review their own transcript in its entirety, including any portions of

10   the transcript designated pursuant to Paragraph 4 of this Order, to ensure that it is

11   accurate and complete.  In all other instances, only those individuals authorized

12   under Paragraphs 13-14 will be provided with access to any portions of deposition

13   transcripts or exhibits designated pursuant to Paragraph 4 of this Order.

14   Notwithstanding the foregoing, no deponent (other than individuals who may have

15   access to the same material under this Order) may *retain or copy* any portion of the

16   transcript of the deposition that contains the designated material without permission

17   of the Designating Party.

18        **11.**    Provided that they are made aware of this Protective Order, any court

19   reporters who transcribe testimony in this Action at a deposition shall treat all

20   Protected Material as confidential and will not disclose Protected Materials except

21   as provided under this Order.

22        **12.    Permissible Uses of Protected Material Generally**:  Each Party and

23   all other persons bound by the terms of this Protective Order shall use any material

24   designated as Protected Material by a Designating Party other than itself only for

25   the purpose of this Action (including any appeal), and not for any other purpose,

26   including business, governmental, commercial, administrative, or judicial

27   proceedings.  No person subject to this Protective Order may disclose, in public or

28   private, any designated Protected Material designated by a Party or Third Party

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

7.

1  other than itself, except as provided for in this Protective Order or as further

2  ordered by the Court.   However, nothing contained herein shall preclude a

3  Designating Party from voluntarily waiving any provision in this Order with respect

4  to any designated Protected Material without further order of the Court.

5      **13.   Permissible Disclosures of CONFIDENTIAL Material**:   Only the

6  following persons shall have access to or retain material designated as

7  "CONFIDENTIAL" pursuant to Paragraph 4 of this Protective Order:

8          **a.**   the Court and its official personnel involved in this Action, court

9  reporters (in court and in depositions), persons operating video recording equipment

10  at depositions, and any special master appointed by the Court;

11         **b.**   the Parties in this Action and their respective employees,

12  officers, directors, and executives;

13         **c.**   Counsel for the Parties in this Action.   For the purposes of this

14  Protective Order, "Counsel" means in-house counsel and attorneys for the law firms

15  retained by the Parties whose attorneys have made notices of appearance in this

16  Action, including partners, associates, staff attorneys, paralegals, secretaries,

17  paralegal assistants and employees of such attorneys in connection with work on

18  this Action;

19         **d.**   Litigation support personnel retained by Counsel to assist in the

20  preparation and/or litigation of the Action, including contract attorneys or outside

21  copying service vendors or electronic document management vendors;

22         **e.**   During a deposition of such person: any person who was an

23  author of the Protected Material, who was involved in the preparation of such

24  material, who received or reviewed such material for purposes other than this

25  Action, or who has been alleged to have received or reviewed such material for

26  purposes other than this Action provided that such person may not retain the

27  Protected Material after the deposition;

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

8.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1        **f.**    Outside experts and consultants retained by the Receiving

2 Party's Counsel to assist in this Action (as well as the experts' or consultants' staff

3 whose duties and responsibilities require access to such materials), provided that

4 the procedure and requirements described in Paragraph 15 below are followed; and

5        **g.**    Persons whom the Parties (including the Designating Party)

6 agree in writing or on the record at a deposition may be shown "CONFIDENTIAL"

7 material, provided that such person has executed the Confidentiality Undertaking

8 (in the form attached hereto as Exhibit A).

9       **14.**    **Permissible Disclosures of HIGHLY CONFIDENTIAL Material:**

10 Only the following persons shall have access to or retain material designated as

11 "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY":

12        **a.**    persons listed in Paragraph 13(a), (c), (d) and (e) above;

13        **b.**    provided that the procedure and requirements described in

14 Paragraph 15 below are followed, persons listed in paragraph 13(f) above; and;

15        **c.**    persons whom the Parties (including the Designating Party)

16 agree in writing or on the record at a deposition may be shown "HIGHLY

17 CONFIDENTIAL – ATTORNEY'S EYES ONLY" material, provided that such

18 person has executed the Confidentiality Undertaking (in the form attached hereto as

19 Exhibit A).

20       **15.**    **Disclosure to Experts or Consultants:** Counsel for a Receiving Party

21 may not disclose material designated as Protected Material designated

22 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

23 ONLY" to any outside expert or consultant, whether or not such expert has been

24 designated to provide testimony pursuant to FED. R. CIV. P. 26(a)(2), except in

25 accordance with this paragraph.

26        **a.**    Persons receiving Protected Material subject to this Paragraph

27 15 must first execute the Confidentiality Undertaking (in the form attached hereto

28 as Exhibit A). Counsel for the Receiving Party must provide all such executed

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

9.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1   Confidentiality Undertakings to counsel for the Designating Party concurrently

2   with the certification of compliance regarding the destruction or return of Protected

3   Material at the termination of the Action (*see infra* paragraph 29(a)).

4       **b.**    Persons receiving Protected Material designated HIGHLY

5   CONFIDENTIAL – ATTORNEYS EYES ONLY subject to this Paragraph 15 must

6   not be persons who are (i) directors, officers, or employees of any Party; or

7   (ii) directors, officers, or employees of any competitor of Honest. As used in this

8   Paragraph 15 "competitor of Honest" means any person (including any natural

9   person and individual, firm association, partnership, corporation, joint venture,

10  government entity or other form of legal or business entity, public or private),

11  currently manufacturing or selling a product competing with those Honest products

12  at issue in the operative Complaint in this matter.

13      **16.**    **Third Party Protected Material in Possession of Parties.**  In the

14  event that a Party is required, by a valid discovery request, to produce a Third

15  Party's confidential information in its possession, and the Party is subject to an

16  agreement with the Third Party not to produce the Third Party's confidential

17  information, then the Party shall: (1) promptly notify in writing the Requesting

18  Party and the Third Party that some or all of the information requested is subject to

19  a confidentiality agreement with a Third Party; (2) promptly provide the Third

20  Party with a copy of the Protective Order, the relevant discovery request(s), and a

21  reasonably specific description of the information requested; and (3) make the

22  information requested available for inspection by the Third Party. If the Third

23  Party fails to object or seek a protective order from this court within fourteen (14)

24  calendar days of receiving the notice and accompanying information, the Receiving

25  Party may produce the Third Party's confidential information responsive to the

26  discovery request. If the Third Party timely seeks a protective order, the Receiving

27  Party shall not produce any information in its possession or control that is subject to

28  the confidentiality agreement with the Third Party before a determination by the

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

10.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1   court. Absent a court order to the contrary, either the Party receiving the discovery

2   request or the Third Party shall bear the burden and expense of seeking protection

3   in this Court of its Protected Material.

4       17.     **Production by Third Parties**. If documents, things, or information

5   are requested from a Third Party and such Third Party claims that certain of the

6   documents, things, or information requested are confidential or proprietary to such

7   Third Party or contain information that is protected from public disclosure by a

8   person's right to privacy, such Third Party may, if it desires, adopt the benefits and

9   burdens of this Order as it applies to Parties in this case by agreeing to be bound by

10  the terms of this Order. As noted in Paragraph 3, an Interested Party in the

11  confidentiality of the material to be produced or already produced may also give

12  notice that the material is Protected Material covered by this Protective Order.

13      18.     **Motion to Disclose Protected Material**: In the event that a Party

14  desires to provide access to specific material designated as either

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

16  ONLY" hereunder to any person or category of persons not included in Paragraphs

17  13 and 14 hereof, that Party shall identify the specific material at issue, meet and

18  confer with the other Party about the same, and, if necessary, move this Court for

19  an order that such person or category of persons may be given access to such

20  documents. The Party asserting confidentiality shall have the burden of

21  establishing the confidentiality of any documents challenged in a motion to

22  disclose. In the event that the motion is granted, such person or category of persons

23  may have access to such documents on whatever conditions or terms the Court shall

24  require.

25      19.     **De-designation of Protected Material**: The Parties agree to work

26  together in good faith to resolve disputes over whether material designated as either

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

28  ONLY" are within the scope of materials to be protected from disclosure by this

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

11.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1  Protective Order. For purposes of the Action or any other action, no Party concedes

2  that any Protected Material designated by any other person does in fact contain or

3  reflect trade secrets or other confidential proprietary or commercial information. A

4  Party shall not be obligated to challenge the propriety of the designation of

5  Protected Material at the time made, and failure to do so shall not preclude a

6  subsequent challenge. If a Receiving Party seeks removal of protection for

7  particular items designated as Protected Material on the ground that such protection

8  is not warranted under controlling law, the following procedure shall be used:

9       **a.**  The Receiving Party seeking such removal shall give counsel of

10  record for the Designating Party notice thereof, specifying the documents, things, or

11  information for which such removal is sought and the reasons for the request. The

12  Designating Party shall have ten (10) business days after receiving that notification

13  within which to object to the removal of protection afforded by this Order. Any

14  such objection shall be made in writing. Failure to object within the requisite time

15  limit is deemed a waiver of any claim to protection for that specific document,

16  thing, or information under this Protective Order.

17       **b.**  If the Parties, or the Party and Third Party, cannot reach

18  agreement concerning the matter, the dispute shall be resolved in accordance with

19  FED. R. CIV. P. 37, Local Rule 37, and Local rule 79-5 if applicable. The

20  designated material shall continue to be treated in accordance with the original

21  designation until the issue is resolved by Order of this Court or by agreement of the

22  Parties or the Party and Third Party. In addition to service on the opposing Party, a

23  copy of any such motion shall be served on any Third Party who is the Producing

24  Party with respect to the materials at issue and such Third Party Producing Party

25  shall have standing to oppose such motion before the Court.

26      **20.**  **Filing Protected Material Under Seal**: Either Party may request that

27  the Court permit filing of any material designated as "CONFIDENTIAL" or

28  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

12.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1   Paragraph 4 above under seal and that such Protected Material be made available

2   only to the Court and to persons authorized by the terms of this Protective Order.

3   The Party filing any paper that contains, summarizes, or reflects any such

4   designated material shall request that the material be filed under seal pursuant to

5   Local Civil Rule 79-5. ~~If filed under seal, such material shall remain sealed while~~

6   ~~in the office of the Clerk so long as the material retains its status as Protected~~

7   ~~Material and/or until further order of the Court.~~ Where possible, only portions of

8   the filings designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

9   ATTORNEY'S EYES ONLY" or supporting papers so designated shall be filed

10  under seal. In such cases, the filing Party should also file a redacted version of the

11  filing and supporting papers.

12      **21.    Use of Protected Material During Pre Trial Hearings and Other**

13  **Proceedings**:  Nothing contained in this Protective Order shall be construed to

14  prejudice any Party's right to use before the Court any "CONFIDENTIAL" or

15  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Protected Material.

16  However, before doing so, the Party intending to use "CONFIDENTIAL" or

17  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Protected Material

18  shall so inform ~~the Court and~~ the Producing Party.  Either the Receiving or

19  Producing Party may apply to the Court for appropriate protection, _upon a_ ~~including~~

20  _showing of sufficient cause._ ~~clearing the hearing room or courtroom of persons not entitled to receive~~

21  ~~"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES~~

22  ~~ONLY" Protected Material pursuant to paragraphs 13 and 14.~~

23      **22.    Subpoena by Other Courts or Agencies**:  If another court or an

24  administrative agency subpoenas or orders production of any Protected Material

25  that a Party has obtained in this Action under the terms of this Protective Order,

26  such Party shall promptly notify the Designating Party of the pendency of such

27  subpoena or order within five (5) calendar days of receiving said subpoena or order.

28  If the Designating Party elects to resist production of the materials, it shall promptly

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

13.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1    so notify the subpoenaed party and the latter shall cooperate in affording the

2    Designating Party the opportunity to oppose or limit production of the materials.

3    Nothing in this Order restricts or limits a Party's ability to comply with a lawful

4    subpoena or order of a court or administrative agency; nor does this Order relieve a

5    party of its obligation to comply with such a subpoena or order.

6        **23.**   **Modification and Non-Waiver**:  Nothing in this Protective Order

7    shall prevent any Party or other person from seeking modification of this Order

8    (either by motion or agreement of the Parties hereto, subject to Court approval),

9    from objecting or seeking further limitations on discovery that it believes to be

10   otherwise improper, or from seeking further or different orders from the Court. In

11   addition, by stipulating to the entry of this Protective Order, no Party waives any

12   right it otherwise would have to object to disclosing or producing any information

13   or item on any ground not addressed in this Protective Order. Similarly, no Party

14   waives any right to object on any ground to use in evidence any of the material

15   covered by this Protective Order.

16       **24.**   **Withholding Privileged Information**:  The protection afforded by

17   this Protective Order shall in no way affect a Party's or Third Party's right to

18   withhold documents as (a) privileged under the attorney-client or other privilege,

19   (b) protected by the work product doctrine, or (c) otherwise exempted from

20   discovery under FED. R. CIV. P. 26.

21       **25.**   **Inadvertently Disclosed Privileged Information**:  Claims of

22   inadvertent disclosure of privileged documents shall be governed by Fed. R. Civ. P.

23   26(b)(5)(b) and Fed. R. Evidence 502.

24       **26.**   **Use of Protected Material at Trial**:  ~~This Protective Order governs~~

25   ~~the confidentiality of designated Protected Material before and after trial.~~ Nothing

26   contained in this Order shall restrict or limit any Party's right to present designated

27   Protected Material to the jury or the Court during a trial in this Action.

28



COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1    Confidentiality concerns at trial must be separately raised with the Court at the
2    appropriate time.

3        **27.    Publicly Available Material:**    The restrictions set forth in this
4    Protective Order shall not apply to documents, things, or information that the
5    Parties agree, or that the Court rules:  (a) have become public knowledge in a
6    manner *other than* through a violation of this Order; or (b) have been independently
7    obtained by the non-Designating Party, as evidenced by written documentation.

8        **28.    Client Consultation:**  Nothing in this Protective Order shall prevent or
9    otherwise restrict counsel from rendering advice to their clients in this Action and,
10   in the course thereof, relying generally on examination of designated Protected
11   Materials;  provided,  however,  that  in  rendering  such  advice  and  otherwise
12   communicating with such client, counsel shall not disclose the specific contents of
13   Protected Materials to persons not authorized to receive such material pursuant to
14   the Protective Order.

15       **29.    Non-Termination:**  The provisions of this Protective Order shall not
16   terminate at the conclusion of this Action.

17           **a.**    Except for materials covered by this Protective Order that have
18   been filed or otherwise are in the Court's possession, within thirty (30) calendar
19   days after final conclusion of all aspects of this Action (including any appeal),
20   unless otherwise agreed to in writing by counsel for the Designating Party, material
21   designated   as   "CONFIDENTIAL"   or   "HIGHLY   CONFIDENTIAL   –
22   ATTORNEY'S EYES ONLY" and all copies of same shall be returned to the Party
23   or person that designated such documents or shall be destroyed from all reasonably
24   accessible locations.  All counsel of record shall make certification of compliance
25   herewith, and shall deliver the same to counsel for the Party who produced the
26   documents not more than forty-five (45) calendar days after final termination of this
27   Action (including any appeal).

28

CooLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

15.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1        **b.**    Notwithstanding this provision, counsel are entitled to retain an

2    archival copy of all pleadings, discovery, motion papers, transcripts, exhibits, legal

3    memoranda, correspondence, and attorney, expert, and consultant work product,

4    even if such materials contain Protected Material.  Further, the Parties' Counsel are

5    not required to delete information that resides on their respective firm's electronic

6    back-up systems that are overwritten in the normal course of business.  Any such

7    archival copies that contain or constitute Protected Material remain subject to this

8    Protective Order and shall be maintained in a safe and secure manner.

9        **30.**    **Remedies**:  The provisions of this Protective Order shall remain in

10   effect after the conclusion of this Action to provide the Court with jurisdiction to

11   enforce its terms.  Each person to whom disclosure of any designated Protected

12   Material is made agrees to subject himself to the jurisdiction of the Court in which

13   this Action is pending for the purpose of proceedings relating to the performance

14   under, compliance with, or violation of this Protective Order.

15       **a.**    In the event anyone shall violate, or threaten to violate, any term

16   of this Order, the Parties hereto agree that the aggrieved party may immediately

17   apply to obtain injunctive relief against any such person.   Because of the

18   confidential and proprietary nature of the information contemplated to be covered

19   by this Protective Order, legal remedies alone may be inadequate.   Therefore,

20   injunctive relief may be an appropriate remedy to prevent any person from using or

21   disclosing confidential information in violation of this Protective Order.

22       **b.**    In the event that a dispute regarding a threatened or actual

23   violation of this Protective Order cannot be resolved after a good faith meeting and

24   conference between the Parties, after which the non-breaching party files a motion

25   or action seeking equitable or legal remedies for a violation of this Protective

26   Order, the Parties agree that the Court may exercise its discretion to award the

27   prevailing party all reasonable costs and expenses related thereto, including

28   reasonable attorneys' fees.

Cooley LLP
Attorneys At Law
Los Angeles

16.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE No. 15-cv-07059-JAK-AGR

**31.**   **Notice:**  Notices under this Protective Order shall be provided to the Parties' respective counsel of record at their addresses of record, unless this provision is modified by the Parties in writing.

**32.**   **Applicability Pending Court Approval:**   Until such time as this Protective Order has been entered by the Court the Parties agree that upon execution by all of the Parties, it will be treated as though it has been "So Ordered."

IT IS SO STIPULATED

Dated: May 23, 2016

COOLEY LLP
By:   s/ William P. Donovan, Jr.
William P. Donovan, Jr.
Joseph B. Woodring
Darcie A. Tilly
Matthew D. Caplan
*Attorneys for Defendant*
THE HONEST COMPANY, INC.

Dated: May 23, 2016

PHILLIPS, ERLEWINE, GIVEN &
CARLIN LLP
By:   s/ Nicholas A. Carlin
Nicholas A. Carlin
Conor H. Kennedy

Dated: May 23, 2016

LAW OFFICES OF JON W. BORDERUD
By:   s/ Jon W. Borderud
Jon W. Borderud

Dated: May 23, 2016

LOCKRIDGE GRINDAL NAUEN P.L.L.P
By:   s/ Robert K. Shelquist
Robert K. Shelquist
Rebecca A. Peterson

Dated: May 23, 2016

CUNEO GILBERT & LADUCA, LLP
By:   s/ Charles J. LaDuca
Charles J. LaDuca
Michael J. Flannery

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

17.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

1    Dated: May 23, 2016                   HUDSON MALLANEY SHINDLER &
2                                          ANDERSON
                                           By:    s/ J. Barton Goplerud
3                                                 J. Barton Goplerud
                                                  Brian O. Marty
4                                                 *Attorneys for Plaintiff*s

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

18.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

## [PROPOSED] ORDER

1  
2      Upon   consideration   of   the   Stipulation   and   Proposed   Protective   Order

3  submitted by the PARTIES, and good cause appearing therefore, *as modified,*

4      **IT IS HEREBY ORDERED**, that the Protective Order) is entered as an

5  Order of the Court.

6  

7  DATED: 5/26/2016 _____        *Alicia G. Rosenberg*

8                                           HON. ALICIA G. ROSENBERG
                                            UNITED STATES MAGISTRATE JUDGE

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

## EXHIBIT A

## CONFIDENTIALITY UNDERTAKING

1.     I, _____, reside at _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____.

4.     (If Applicable) I have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation entitled *Shane Michael v. Honest Company Inc.* Action No. 2:15-cv-07059-JAK-AGR *(Consolidated with Rubin v. Honest Company, Inc. Case No. LA CV15-09091 JAK (AGRx))* (collectively, the "Action").

5.     I read the foregoing Protective Order entered in the Action on _____.

6.     I am fully familiar with the Protective Order and agree to be bound by its terms. I understand that I must retain all copies of any documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information are to be returned to counsel who provided me with such material.

7.     I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this Action, any information obtained pursuant to the Protective Order. I also agree to notify any stenographic, clerical, or support personnel who are required to assist me of the terms of the Protective Order.

8.     I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Protective Order and the punishment of violations thereof.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

20.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 15-CV-07059-JAK-AGR

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

Signature: _____

Company: _____

Address: _____

_____

Cooley LLP
Attorneys At Law
Los Angeles

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. 15-cv-07059-JAK-AGR